I concur in the result to affirm. I see no necessity to deal with what I perceive as a purely academic exercise: Whether the capital offense here charged is one or two offenses. It is one offense in the sense that both robbery and intentional killing must co-exist to constitute the capital offense contemplated by the Death Penalty Statute. In another aspect, it is two separate and distinct offenses — each of which must be charged, instructed upon, and all the elements of which must be found as a prerequisite to a guilty verdict on the capital offense charged.
The point is this: It is unimportant whether it is denominated one offense comprised of two elements, or two offenses — 1) intentional killing in the course of 2) robbing the victim. The disposition of this appeal in no way depends upon the one offense/two offenses dichotomy. As the opinion of the Court of Criminal Appeals points out, the offense of robbery was consummated in Alabama and the offense of intentional killing was consummated in this State. There is no jurisdictional problem.